UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kojo Soweto Ameen, | ) C/A No. 9:14-4406-JMC-BM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| South Carolina Department of Corrections; | ) |
| Warden Bush; Warden Deen; Warden Nolan, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

The Plaintiff, Kojo Soweto Ameen, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983.  He is an inmate at the Lee Correctional Institution (LCI) of the South Carolina Department of Corrections (SCDC).  Plaintiff alleges that his constitutional rights are being violated due to improper disciplinary convictions which are the result of the presence of secondhand marijuana smoke at LCI.

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Additionally, pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with



liberally construing a <u>pro</u> <u>se</u> complaint to allow the development of a potentially meritorious case. <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980); <u>Cruz v. Beto</u>, 405 U.S. 319 (1972); <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal.[1]  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387 (4th Cir. 1990); <u>see</u> <u>also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

## Discussion

Plaintiff states that he has tested positive for drug use on several occasions and was "found guilty of [using] THC [tetrahydrocannabinol]"[2] at disciplinary hearings because of these positive drug tests.  Plaintiff denies ever using drugs, but alleges that he inhales smoke because the environment he lives in is not smoke free and his cell mates regularly smoke drugs.  Plaintiff claims that this hurts his chance of making parole, because every time he goes before the parole board he is questioned about his use of drugs.  He asks that this court "check into [his] claim of second hand

---

[1] By orders dated November 21, 2014, February 10, 2015, and March 10, 2015 (ECF Nos. 7, 12, 16), Plaintiff was given a specific time frame in which to bring this case into proper form by providing a Financial Certificate, a completed summons form, signed and completed Forms USM-285 for each Defendant, and a fully completed and signed complaint form.  Plaintiff provided completed service documents for Defendant Bush, but failed to submit fully completed service documents for the remaining Defendants. Plaintiff also initially filed a partially completed Complaint form, filed a second partially completed Complaint form on December 9, 2014, and filed a third partially completed Complaint form on March 2, 2015.  See ECF Nos. 1, 1-2, 1-4.  All three of the partially completed complaint forms have been considered by the undersigned.

[2] The physiologically active component in cannabis preparations such as marijuana.



smoke," and that the SCDC be ordered to make a statement that Plaintiff "live[s] in a smoke free environment, and that it is impossible for THC to get into someone['s] system by breathing it.[3]" Complaint, ECF Nos. 1, 1-2, 1-3.

Plaintiff's Complaint, on its face, does not state a plausible, non-frivolous § 1983 claim because the Complaint fails to include sufficiently clear factual allegations against any of the named Defendants of any personal responsibility or personal wrongdoing in connection with alleged violations of any of Plaintiff's constitutionally protected rights. Thus, Plaintiff's Complaint is in violation of the directive in Federal Rule of Civil Procedure 8(a) that pleadings shall contain "short and plain statement [s]" of the basis for the court's jurisdiction and of the basis for a plaintiff's claims against each defendant. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)[requiring, in order to avoid dismissal, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"].

First, in order to proceed under § 1983, a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his constitutional rights. Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977). It is well settled that federal courts performing their duties of construing pro se pleadings are not required to be "mind readers" or "advocates" for prisoners or pro se litigants, and when a complaint contains no personal allegations against a defendant, that defendant is properly entitled to dismissal. See Karafiat v. O'Mally, 54 F. App'x 192, 195 (6th Cir. 2002); Curtis v. Ozmint, C/A No. 3:10–3053–CMC–JRM, 2011 WL 635302 at *4 n. 5 (D.S.C. Jan.

---

[3]This statement would seem to be contrary to Plaintiff's apparent assertion that, if he is testing positive for THC, it is because he is breathing second hand smoke.



5, 2011), adopted by, 2011 WL 601259 (D.S.C. Feb. 11, 2011); Whaley v. Hatcher, No. 1:08CV 125–01–MU, 2008 WL 1806124, at *1 (W.D.N.C. Apr.18, 2008). Plaintiff has not alleged that any named natural Defendant[4] has been involved in his disciplinary charges or convictions, or are involved in his parole decisions, and in the absence of substantive allegations of wrongdoing against a defendant, there is nothing from which the court can liberally construe a viable cause of action arising from a complaint. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); Gordon v. Leeke, 574 F.2d at 1151. See Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996)[statute allowing dismissal of in forma pauperis claims encompasses complaints that are either legally or factually baseless]; Weller v. Dep't of Soc. Servs., 901 F.2d at 399 [dismissal proper where there were no allegations against defendants].

Additionally, even if some lower level state employee has violated Plaintiff's constitutional rights, all of the named natural Defendants are supervisory personnel, and a § 1983 claim for supervisory liability cannot rest on the doctrine of respondeat superior. Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999). Although there is a limited exception to the prohibition against imposing liability on supervisory personnel in § 1983 cases under the doctrines of respondeat superior or vicarious liability, see Slakan v. Porter, 737 F.2d 368, 370–75 (4th Cir. 1984), that exception does not operate to save Plaintiff's Complaint from dismissal for failure to state a claim against the Defendants in this case, as the Slakan exception requires factual allegations showing 1)

---

[4] The other named Defendant, the South Carolina Department of Corrections, is a state agency and generally enjoys Eleventh Amendment immunity from suit in this Court. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 99 (1984); Will v Michigan Dep't of State Police, 491 U.S. 58, 66, 71 (1989); Brooks-McCollum v. Delaware, 213 Fed.Appx. 92, 94 (rd Cir. 2007); Metz v. Supreme Court of Ohio, 45 Fed.Appx. 228, 236, 237 (6th Cir. 2002); see also Coffin v. South Carolina Dep't of Social Services, 562 F.Supp. 579, 583-585 (D.S.C. 1983); Belcher v. South Carolina Board of Corrections, 460 F.Supp. 805, 808-809 (D.S.C. 1978).

4



a "pervasive and unreasonable risk of harm from some specified source ..." coupled with 2) allegations showing that the supervisor's "corrective inaction amounts to deliberate indifference or 'tacit authorization of the offensive [practices].'" Slakan, 737 F.2d at 373; see Shaw v. Stroud, 13 F.3d 791 (4th Cir. 1994). While the Supreme Court has held that an inmate can state "a cause of action under the Eighth Amendment by alleging that [defendants] have, with deliberate indifference, exposed him to levels of ETS [environmental tobacco smoke] that pose an unreasonable risk of serious damage to his future health;" Helling v. McKinney, 509 U.S. 25, 35 (1993); to establish such a claim Plaintiff must satisfy both an objective and subjective component. The objective component of such an Eighth Amendment claim requires: (1) exposure to unreasonably high levels of ETS; (2) scientific and statistical evidence establishing a likelihood that the alleged ETS exposure will cause injury to a prisoner's health; and, (3) the risk of harm from the ETS exposure to be so severe that it "violates contemporary standards of decency to expose *anyone* to such risks." Id. at 35–36. As for the subjective component, a prison official's conduct towards the alleged ETS exposure must evince "deliberate indifference" to an unreasonable risk posed by the ETS exposure. Id.; see Farmer v. Brennan, 511 U.S. 825, 837 (1994). Accordingly, a prison official must subjectively know of and disregard an excessive risk to an inmate's health from the alleged ETS exposure. See Farmer, 511 U.S. at 837.

Here, Plaintiff has done nothing more than conclusorily allege that he has been wrongfully convicted of disciplinary infractions because the THC in his system is the fault of other inmates smoking around him. Plaintiff's allegations do not show that he is being subjected to an unreasonable risk of serious damage to his future health, or that any named Defendant subjectively knew of and disregarded an excessive risk to Plaintiff's health from alleged secondhand smoke.

5



Talal v. White, 403 F.3d 423, 426 (6th Cir. 2005); see Ozier v. Berghuis, No. 1:08–cv–1203, 2009 WL 1559786, at *2–3 (W.D. Mich. June 1, 2009)(collecting cases). Rather, Plaintiff's complaint is that he has been wrongfully convicted of marijuana use when in fact he is just breathing in second-hand the marijuana smoke of others, which in turn is preventing or delaying his release on parole. However, that claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994), where the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. Heck v. Humphrey, 512 U.S. 477 at 487. The Heck decision applies to prison disciplinary convictions, such as we have here. See Edwards v. Balisok, 520 U.S. 641, 648 (1997)[Heck precludes a § 1983 claim in a prison disciplinary hearing which has not been previously invalidated, where the challenge would necessarily imply the invalidity of the deprivation of good-time credits]; see also Kerr v. Orellana, 969 F.Supp. 357 (E.D.Va. 1997)[holding that prisoner's § 1983 claim for monetary damages and injunctive relief related to his disciplinary hearing was precluded under Heck].

      Plaintiff has not shown that he has successfully attacked his disciplinary hearing conviction(s), which Plaintiff contends are affecting his ability to obtain parole. Cf. Muhammad v. Close, 540 U.S. 749, 751 (2004) ["Heck's requirement to resort to state litigation and federal habeas before § 1983 is not . . . implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence."]. Therefore, the awarding of damages and/or injunctive relief to Plaintiff would necessarily imply the invalidity of the outcome of his disciplinary hearing(s) and thus any such claims are barred under Heck and Edwards.



Additionally, to the extent Plaintiff's complaint is that the SCDC has failed to follow its own rules or policies concerning smoking or the use of drugs, this does not by itself present a claim assertable in a § 1983 action. See Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992); cf. Johnson v. S.C. Dep't of Corrs., No. 06–2062, 2007 WL 904826 at *12 (D.S.C. Mar. 21, 2007)[The plaintiff's allegation that defendants did not "follow their own policies or procedures, standing alone, does not amount to a constitutional violation."](citing Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990)[if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue]).  In any event, this case is also subject to summary dismissal because Plaintiff's only request for relief is that the Court direct the SCDC to "make a[] statement that I live in a smoke free enviro[n]ment, and that it is impossible for THC to get into someone['s] system by breathing it." ECF No. 1at 3, ECF No. 1-4 at 3.  He also requests that the Court get involved "to determine if there [is] such [a] thing as secondhand smoke".  However, by asking this Court to direct SCDC officials to make certain statements or for it to order investigations, Plaintiff is seeking relief in the nature of mandamus. See Black's Law Dictionary 980 (8th ed. 2004) [Defining mandamus as "[a] writ issued by a superior court to compel a lower court or a government officer to perform mandatory or purely ministerial duties correctly."].  A writ of mandamus is a drastic remedy which is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction. See 28 U.S.C. § 1361; Gurley v. Superior Ct. of Mecklenburg County, 411 F.2d 586, 587–88 & nn. 2–4 (4th Cir.1969).  Further, a federal district court may generally issue a writ of mandamus only against an employee or official of the United States. Moye v. Clerk, DeKalb County Sup. Court, 474 F.2d 1275, 1275–76 (5th Cir.1973)[federal courts do not have original jurisdiction



over mandamus actions to compel an officer or employee of a state to perform a duty owed to the petitioner]; see also In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001)[collecting cases]; In re Carr, 803 F.2d 1180, 1180 (4th Cir. Oct. 24, 1986) (unpublished opinion) (same).  In Davis v. Lansing, 851 F.2d 72 (2d Cir. 1988) the court ruled that "[t]he federal courts have no general power to compel action by state officials[.]" Id. at 74; see also Craigo v. Hey, 624 F.Supp. 414 (S.D.W.Va.1985).[5]  Thus, this Court does not have jurisdiction to order the Defendants (entities or employees of the State of South Carolina) to make certain statements or conduct investigations.

Finally, to the extent that Plaintiff is challenging the results of a parole decision, the Constitution does not create a protected liberty interest in the expectation of early release on parole. Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979).  While it is true that the South Carolina Supreme Court has found that the permanent denial of parole eligibility may implicate a protected liberty interest, Furtick v. S.C. Dep't of Probation, Parole & Pardon Servs., 576 S.E.2d 146, 149 (S.C. 2003), that is not the allegation in this case.  Further, Plaintiff has failed to name the Defendant(s) responsible for his parole decision.  The Complaint in this action contains no indication that any named Defendant has denied Plaintiff a parole hearing or parole eligibility.

### Recommendation

Based on the foregoing, it is recommended that the Court **dismiss** Plaintiff's Complaint without prejudice and without issuance and service of process.

---

[5]Notably, in Craigo, the district court concluded that the petition for a writ of mandamus was frivolous within the meaning of 28 U.S.C. § 1915, and, therefore, was subject to summary dismissal. See Craigo, 624 F.Supp. at 414.



Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

May 27, 2015
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).