# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Kojo Soweto Ameen,                            )  | |
|                                                        ) | Civil Action No. 9:14-cv-04406-JMC |
|         Plaintiff,     ) | |
| v.                                                    ) | **ORDER** |
| South Carolina Department of Corrections;  ) | |
| Warden Bush; Warden Deen;                ) | |
| Warden Nolan,                                 ) | |
|         Defendants.  ) | |

Plaintiff Kojo Soweto Ameen ("Plaintiff"), proceeding pro se and *in forma pauperis*, brings this action seeking relief pursuant to 42 U.S.C. § 1983. (ECF No. 1.) This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 22), filed May 27, 2015, recommending that Plaintiff's Complaint (ECF No. 1) be dismissed without prejudice and without issuance and service of process. For the reasons below, the court **ADOPTS** the Magistrate Judge's Report (ECF No. 22) and **DISMISSES** Plaintiff's Complaint (ECF No. 1).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 14, 2014, Plaintiff filed an action against the South Carolina Department of Corrections, Warden Bush, Warden Deen, and Warden Nolan ("Defendants") alleging that second hand smoke attributed to him testing positive for tetrahydrocannabinol ("THC"), which reduced the likelihood of being granted parole. (ECF No. 22.) Plaintiff requested that the court order South Carolina Department of Corrections ("SCDC") to acknowledge that Lee Correctional Institution is a smoke free environment thereby making a positive result from second hand smoke impossible. (*Id.* at 2-3.)

1

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to – including those portions to which only "general and conclusory" objections have been made – for clear error. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983)*; Orpiano v. Johnson*, 687 F2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## III. ANALYSIS

The Magistrate Judge determined Plaintiff's Complaint (ECF No. 1) did not sufficiently provide a basis for claims against each defendant.[1] (ECF No. 22 at 3 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).) Moreover, Plaintiff's assertion that SCDC does not follow administrative policies is not alone actionable under § 1983. (*Id.* at 7 (citing *Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992)).) An order to SCDC amounts to a writ of mandamus, which the Magistrate Judge noted is "a drastic remedy which is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction." (*Id.* (citing 28 U.S.C. § 1361; *Gurley v. Superior Ct. of Mecklenburg Cty.*, 411 F.2d 586, 587-88 (4th

---

[1] The Magistrate Judge identified the conflicting logic in Plaintiff's argument stating, "[t]his would seem to be contrary to Plaintiff's apparent assertion that, if he is testing positive for THC, it is because he is breathing second hand smoke." (ECF No. 22 at 3.)

2

Cir. 1969)).) Additionally, "federal courts have no general power to compel action by state officials." (*Id.* at 8 (quoting *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988)).) Finally, Plaintiff has no constitutionally protected interest of early release on parole. (*Id.* (citing *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)).)

Plaintiff filed objections ("Objection") to the Magistrate Judge's Report and Recommendation on July 15, 2015 (ECF No. 24.) Plaintiff's Objection (*id.*) states verbatim:

> Plaintiff object to SCDC Drug policy # 903 and GA-03.02 in that it discriminate against none smokers. (1) SCDC does nothing to protect nonsmokers; (2) Plaintiff are being punished for breathing second hand smoke; (3) Plaintiff also stated that smoke come through the air ventilation; (4) Plaintiff state that the warden name is conected to all SCDC policy concerning rules violation; (5) Plaintiff seek protection from the court, his last option.

The court is not obligated to provide de novo review because Plaintiff fails to provide specific objections to the Report. (ECF No. 24 (Fed R. Civ. P. 72(b)(3) (requiring a district judge to determine de novo any part of the magistrate judge's disposition that has been properly objected to)).) Therefore, the court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting an advisory committee note in Fed. R. Civ. P. 72). Upon review of the record, no clear errors were found.

## IV. CONCLUSION

After a thorough review of the Report, the court **ADOPTS** the findings of the Magistrate Judge's Report (ECF No. 22) and **DISMISSES** Plaintiff's Complaint (ECF No. 1).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 6, 2016
Columbia, South Carolina